[No. 11320. Department One. — May 28, 1886.]

## HERMAN HARTMAN, RESPONDENT, *v.* W. P. ROGERS, APPELLANT.

APPEAL — SUFFICIENCY OF EVIDENCE — VERDICT. — The sufficiency of the evidence to sustain the verdict will not be considered on appeal if the statement contains no specifications of the particulars wherein the evidence is insufficient.

EMPLOYER AND EMPLOYEE — BREACH OF CONTRACT — ACTION OF QUANTUM MERUIT. — One employed to do certain work for a specified term at an agreed compensation may maintain an action to recover the reasonable value of work done by him in pursuance of the contract, if during the term the employer denies his rights under the contract and attempts to rescind it.

EVIDENCE — INTENTION OF ADVERSE PARTY. — Evidence of one party, purporting to declare the intention of the other party concerning the matter in controversy, is inadmissible.

CONTRACT — ACTION FOR SERVICES — CROSS-COMPLAINT — REMOTE DAMAGES. — The action was brought to recover the reasonable value of services rendered by the plaintiff to the defendant on certain land which was leased by the latter. The defendant in his cross-complaint alleged that the plaintiff had violated the contract under which the work was done, by reason of the unskillful manner in which the work was performed; that he was compelled to surrender his lease to his landlord by reason thereof, and sought to recover the damages occasioned thereby. *Held*, that the damages were not a direct consequence of the plaintiff's violation of the contract.

EVIDENCE — CROSS-EXAMINATION — HOSTILITY. — The party against whom a witness is called may cross-examine him for the purpose of showing his hostility.

EMPLOYER AND EMPLOYEE — DISMISSAL FOR CAUSE — RIGHT TO COMPENSATION. — An employee dismissed by his employer for good cause is not entitled to any compensation for services rendered since the last day upon which a payment became due to him under the contract of employment.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. D. Bethune*, for Appellant.

*W. J. Curtis*, and *H. M. Willis*, for Respondent.

McKINSTRY, J.—Appellant contends that there is absolutely no testimony in the statement for new trial tending to show the value of plaintiff's services. The statement contains no specification of a deficiency of the evidence to sustain the finding as to the value of the services. (Code Civ. Proc., sec. 659, subd. 3.)

There is a substantial conflict of the evidence bearing on other issues.

The defendant claimed that the plaintiff, although employed to work for him under a specific contract for a term, violated his contract during the term, and ousted defendant both from the real and personal property confided to plaintiff's charge. The plaintiff claimed that having entered into the possession under the contract, by the terms whereof he was to deliver to Samuel Rogers one third of the product at the close of the cropping season, and was to receive reasonable compensation for his services, the defendant (after the plaintiff has performed labor thereunder in raising a crop, but before the expiration of the cropping season), denied the contract, expressly refused to recognize the plaintiff's rights under it, and asserted that plaintiff was working, and had agreed to work, for one hundred dollars a year. That thereon the plaintiff demanded reasonable wages for his work, which the defendant refused to pay or promise to pay. The plaintiff then declared his intention to retain possession of the property, saying, "I won't give it up to no man without my money; and I don't work for Chinamen's wages."

The case shows that the plaintiff retained possession of the land and certain personal property, and that the land and personal property were subsequently recovered by the defendant in actions of ejectment and replevin. The present action is for wages up to the alleged denial of the specific contract by defendant.

If the contract was as stated by the plaintiff, and one hundred dollars a year was grossly inadequate compen-

sation, and the defendant denied plaintiff's rights under the contract and attempted to rescind it, the plaintiff was at liberty to abandon it and sue for reasonable compensation for the work actually done previously. His right so to do attached when the contract was rescinded by the action of both the parties, and the fact that the plaintiff did not subsequently perform the conditions of a contract which both had agreed to ignore cannot affect his right to recover in this action. However illegal and ill advised his attempt to "jump" the land, he had done work under an alleged express contract, which he was relieved from executing, according to its terms, by the conduct of the defendant. He sues, not for the *profits* which he might have made if the parties had stood by the terms of the original contract, but simply for the actual value of his labor. The plaintiff and defendant contradicted each other as witnesses. Whatever might be our opinion if the matter were submitted to us as an original question, there is here a "substantial conflict," and the established rule would require us to sustain the verdict.

The subsequent judgments in replevin and ejectment were in no way determinative of the plaintiff's right to wages. The present action assumes that the property involved in those actions belonged to the defendant herein.

The answer of the defendant in the ejectment (plaintiff here) cannot be treated as an admission that the defendant therein had violated the contract under which he held possession of the land immediately after the contract was entered into. But if the answer could be so treated it only proved an *admission* by the present plaintiff, to be considered by the jury with the testimony of the plaintiff in the present action.

Defendant insists that plaintiff cannot recover in this action because he violated the specific agreement *before* the defendant violated or refused to be bound by it. This, too, was a question of fact submitted to the jury upon evidence *pro* and *con.*

The objection to the question asked plaintiff when tes-

tifying on cross-examination, "Did you not pasture two jacks for one Baker?" was properly sustained on the ground that "it was not responsive to the examination in chief."

There was no error in striking out that portion of defendant's testimony which purported to declare the "intention" of the plaintiff.

It was not error to hold that damages sustained by the defendant in consequence of being compelled to surrender his lease to his landlord was not a direct consequence of the plaintiff's violation of his contract with the defendant, if plaintiff did violate it. Besides, defendant fully testified on that subject.

Defendant was not injured by the cross-examination of his brother as a witness, showing that ill feeling at one time existed between him and the witness,— who testified *in his favor*. The respondent was authorized to prove that a witness called against him was hostile to him.

The court, although requested by the defendant, refused to instruct the jury as follows:—

"An employee dismissed by his employer for good cause is not entitled to any compensation for services rendered since the last day upon which a payment became due to him under the contract. Therefore, if you believe that the evidence that plaintiff agreed to perform services for defendant for the cropping year of 1884, or for the entire year of 1884, to be paid for at the end of his services, and was dismissed by his employer *for good cause* before the end of the services, your verdict will be for the defendant."

This was error. There was some evidence that the contract between the plaintiff and defendant was such as it was assumed to be in the instruction offered. (Civ. Code, secs. 2000, 2002.)

Judgment and order reversed, and cause remanded for a new trial.

MYRICK, J., and MORRISON, C. J., concurred.