[Civ. No. 12819.   Second Dist., Div. Two.—May 5, 1941.]

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), as Administrator, etc., Appellant, v. REPUBLIC PRODUCTIONS, INC. (a Corporation), Respondent.

Simon & Garbus, Abram Robert Simon, Morton Garbus and Sidney A. Moss for Appellant.

Loeb & Loeb and Norman Newmark for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover compensation under a contract of employment, plaintiff appeals.

Subsequent to the filing of the present action plaintiff died and the administrator of the estate was substituted in his place and stead.

Viewing the evidence most favorably to defendant (respondent), the essential facts are:

July 22, 1938, plaintiff's decedent, a moving picture director, entered into a contract with defendant, the pertinent portions of which may be summarized as follows:

(1) Decedent agreed "to keep and perform all the duties, obligations, and agreements assumed and entered into by him" under the terms of the agreement.

(2) Decedent agreed "that he" would "promptly and faithfully comply with all reasonable instructions, directions, requests, rules and regulations made or issued by the producer in connection with its business of producing motion pictures; and that he" would "perform and render his services hereunder conscientiously and to the full limit of his ability and as instructed by the producer, at all times and wherever required or desired by the producer".

(3) The word "direct" as used in the agreement should include "assistance in the preparation of continuities . . . and such other services" as might "be required of directors according to the custom of the industry."

(4) The services of decedent were declared to be of a special, unique, unusual, extraordinary, and intellectual character, which gave them a peculiar value, the loss of which could not be reasonably or adequately compensated for in damages and it was further declared that a breach by decedent of any of the provisions contained in the agreement would cause the producer irreparable injury and damage.

(5) In the event of the "failure, refusal or neglect of the" decedent "to perform his required services" under the agreement "to the full limit of his ability or as instructed, the producer at its option" should "have the right to cancel and terminate" the "employment".

(6) "On condition that the" decedent should "fully and completely keep and perform each and all of the conditions and agreements on his part to be kept or performed" under the agreement "the producer" agreed "to compensate" decedent "therefore and for all rights . . . granted and/or agreed to be granted by the" decedent "to the producer, at the rate of seven hundred and fifty dollars ($750.00) per week."

The foregoing contract, though dated July 22, 1938, ran for a six months' period commencing as of July 1, 1938. Defendant exercised an option in the contract to extend it for an additional six months' period ending July 1, 1939. May 15, 1939, decedent was discharged by defendant for cause, decedent having without defendant's permission absented himself from defendant's studio on Friday, May 12th, Saturday, May 13th, and appeared for work for one hour only on Monday, May 15th.

Plaintiff relies for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the trial court's findings as follows:*

(a) *"Defendant had certain rules and regulations made by it in the conduct of its business regulating the attendance and presence of its employees at its studio. Said rules and regulations of defendant required plaintiff to appear and report at the studio during every business day, and forbade its employees, including plaintiff, to absent themselves from the studio without permission . . . and they were well known to and understood by plaintiff."*

(b) *"That it was necessary for the proper operation of defendant studio that its employees, including plaintiff George Nicholls, Jr., report for work on each business day and be available for conference with writers, directors, producers or other persons on the studio lot."*

(c) *"On May 12, 1939, and again on May 13, 1939, the writer, then working on said continuity, was at defendant studio in connection with such work. By reason of the absence of said plaintiff from said studio on said two days, as hereinbefore found, said writer was unable to discuss his work with plaintiff."*

(d) *"The acts of plaintiff, as aforesaid, were in wilful violation of the aforesaid rules and regulations made by defendant, and said absences of plaintiff were in violation of the provisions of plaintiff's contract of employment."*

(e) *"The Court further finds that one of the material elements in the performance by plaintiff of the terms of said contract of employment was that he should report for work and be available to defendant on each business day for whatever use defendant desired to make of him."*

*Second: Decedent's absence from his work, even if it constituted a breach of contract, did not result in damage to defendant.*

*Third: Even though decedent was properly discharged, he was entitled to compensation for the period of time prior to the effective date of his discharge.*

■ Plaintiff's first proposition is untenable. An examination of the record discloses that it was customary for a director such as decedent, while engaged in assisting writers in the preparation of script or continuity, to be present at the studio every day and available for consultation with the writers. It is conceded that decedent absented himself without defendant's permission from the studio on Friday, May 12th, Saturday, May 13th, and on Monday, May 15th, excepting for the period of an hour. During this period decedent had assigned to assist him writers in the preparation of a continuity of a motion picture entitled ''Abraham Lincoln Boggs''.

There was also evidence that decedent had been discharged by defendant on a prior occasion for absenting himself from his duties without the consent of defendant and in addition there was also evidence that decedent on other occasions when absenting himself from the studio had requested defendant's permission to absent himself.

The foregoing evidence, with the reasonable inferences that may be drawn therefrom, substantially support each and every material finding of fact of the trial court set forth above. Further discussion of the evidence would therefore be superfluous, in view of the established rule that the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the findings of fact (*Estate of Winzeler*, 42 Cal. App. (2d) 246 [108 Pac. (2d) 720]).

■ Plaintiff's second proposition is also untenable. An employer is justified in discharging his employee, when the latter fails to perform his duty, even though injury does not result to the employer as a result of the employee's failure to do his duty (*May* v. *New York M. Picture Corp.*, 45 Cal. App. 396, 404 [187 Pac. 785]).

■ Plaintiff's final proposition is likewise without merit. Decedent was paid Thursday, May 11, 1939, for his services

up to and including May 10, 1939. Thereafter and until May 15th, the effective date of his discharge, he was present at the studio on May 11th only. By the terms of his contract his compensation was due and payable on Thursday of each week for services rendered "up to and including the Wednesday preceding." Since he breached his contract and was discharged prior to Thursday, May 18, 1939, the next day upon which compensation was due him, he was not entitled to any compensation for services rendered subsequent to May 10, 1939, the law being established in California that an employee dismissed by his employer for good cause is not entitled to any compensation for services rendered after the last day upon which a payment becomes due under the terms of a contract of employment (*Hartman* v. *Rogers*, 69 Cal. 643, 646 [11 Pac. 581]).

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

WOOD, J., Concurring.—I concur in the judgment. The contract provides that defendant shall pay to the director $750 on Thursday of each week for services rendered the preceding week "on condition that the director shall fully and completely keep and perform each and every term and condition of this agreement on his part to be kept or performed". Under the express terms of the contract plaintiff may not recover for services rendered on May 11, 1939, or thereafter.