DUNIWAY, J.
 

 This is another appeal in which appellant’s counsel has disregarded the long established and frequently stated rule that, when the evidence is conflicting the appellate court must uphold the findings of the trial court. Appellant’s counsel relies primarily upon appellant’s testimony, disregarding the facts that such testimony was directly
 
 *417
 
 contradicted by respondent’s witnesses, and that the court believed them, not appellant. There is therefore no merit in the appeal.
 

 Appellant was employed as a teacher by the San Rafael Military Academy in August, 1957. He was told by the superintendent, respondent Hinton, that his duties would be to teach the fifth grade and to act as a counsellor or supervisor at one of the dormitories, the nature and importance of these duties being explained to him in detail. Later, he signed a contract for the school year, September 1, 1957, to June 15, 1958, in which it was agreed that he was to teach and “perform such additional services as may be required’’ by the academy. He entered upon and performed all of these duties until November 4. On that day he told the superintendent “I am going to tell you something which you won’t like, but I am giving up my dormitory supervision.’’ The superintendent said that he would have to replace appellant. The next day, in the presence of the superintendent, the headmaster of the lower school, and the commandant, he said “I feel today the same as I did yesterday.’’ Two days later, he “offered . . . [his] services as a teacher’’ to Dr. Hinton, but did not offer to do the dormitory duty.
 

 The evidence shows that it is customary for teachers to do dormitory duty at respondent academy, and that this is a matter of considerable importance to the academy.
 

 The court made findings setting out substantially the foregoing facts, and concluded that respondent academy was entitled to and did terminate the contract. In this the court was correct. Appellant stated that he would not perform a substantial term of his contract. This was an anticipatory breach. (Rest., Contracts, § 318;
 
 Crane
 
 v.
 
 East Side Canal etc.
 
 Co., 6 Cal.App.2d 361, 367 [44 P.2d 455];
 
 Cold Min. & Water Co.
 
 v.
 
 Swinerton,
 
 23 Cal.2d 19, 29 [142 P.2d 22].) The breach was clearly substantial. (Rest., Contracts, § 275.) It was wilful and intentional and related to an important part of appellant’s duties. He would not have been hired if he had not agreed to perform the duties in question. Moreover, the contract is one of employment for a specified term, to which Labor Code, section 2924, applies. That section states “An employment for a specified term may be terminated at any time by the employer in case of any wilful breach of duty by the employee . . .”
 
 (Cf.
 
 Lab. Code, §§ 2856, 2857;
 
 Bank of America
 
 v.
 
 Republic Productions,
 
 44 Cal.App.2d 651 [112 P.2d 972] ;
 
 May
 
 v.
 
 New York Motion Picture Corp.,
 
 45 Cal.
 
 *418
 
 App. 396, 403-404 [187 P. 785].) In this ease, the contract specifically provides that the academy “reserves, the right to terminate the terms of this employment in case of any wilful breach of duty ...”
 

 Affirmed.
 

 Bray, P. J., and Tobriner, J., concurred.